FORAN v. ROYAL BANK OF CANADA.

(Supreme Court, Appellate Division, First Department.   December 30, 1910.)

1. EVIDENCE (§ 588*)—WEIGHT—DEPOSITION TAKEN ABROAD.
    Testimony taken by deposition in Canada to be used in a New York case is not entitled to less weight than if taken in New York, on the theory that the witnesses cannot be prosecuted for perjury, as it must be assumed that other countries with which our country has treaty relations, and between which and our country the comity of taking evidence in one country for use in the other exists, will make such comity effectual by declaring that false testimony given by deposition to be used abroad is perjury as if for use at home.
    [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 588.*]

2. BANKS AND BANKING (§ 154*)—DEPOSIT FOR CERTAIN PURPOSE—MISTAKE—EVIDENCE.
    Evidence in an action to recover money which plaintiff deposited with defendant bank to apply in payment of stock held insufficient to show that the stock, in payment for which defendant applied the money, was not the stock plaintiff intended to buy.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

3. BANKS AND BANKING (§ 154*)—DEPOSIT FOR CERTAIN PURPOSE—CARE IN PERFORMING DUTY.
    Plaintiff wrote a defendant bank that his brokers would send it $1,250 on account of a "certificate of stock," which it held made out in his name, on which said sum was unpaid, and for it to send the certificate to such brokers. Defendant held no stock made out in plaintiff's name, but held a certificate for 15 shares of the stock of the M. Co., in the name of T., which it was advised by said company was to be exchanged for a certificate in plaintiff's name. Thereafter it received a letter from plaintiff's brokers, stating that inclosed draft of $1,250 was sent at his direction in payment of 15 shares of I. Co. stock, a certificate for which they were advised stood in his name. Defendant answered that it was not then in possession of a certificate for 15 shares in the M. Co. in plaintiff's name, but held one for that number in T.'s name, which, the company advised it, was to be changed for one in plaintiff's name. Thereafter, on receipt of such certificate in plaintiff's name, it applied the money in payment there-

of, and forwarded it to the brokers, who acknowledged receipt of shares in M. Co. No claim was made that defendant misapplied the funds, till a year later, when both the I. and the M. Cos. had failed. *Held*, that the evidence failed to show that defendant did not, as was its duty, though acting gratuitously, exercise the ordinary care that would usually and customarily be exercised by bankers under like circumstances.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

Appeal from Trial Term, New York County.

Action by Augustus E. Foran against the Royal Bank of Canada. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

See, also, 137 App. Div. 948, 122 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Henry G. Gray (George Zabriskie, on the brief), for appellant.
M. A. Lesser, for respondent.

LAUGHLIN, J. This action is brought to recover the sum of $1,500, which the plaintiff claims to have deposited at the defendant's branch banking office in the city of St. Johns, Newfoundland, to be applied in payment of 15 shares of the capital stock of the Intensified Light & Super Soda Company, which were to be delivered to the plaintiff through said bank by one Dove, from whom he purchased the same. The defendant surrendered and paid out plaintiff's money for 15 shares of the capital stock of the Maritime Light & Power Company. Upon the trial, three questions of fact were litigated and submitted to the jury, namely: (1) Whether plaintiff intended to purchase 15 shares of the capital stock of the Intensified Light & Super Soda Company, or of the Maritime Light & Power Company; (2) whether the defendant had reasonable grounds for believing that the plaintiff intended to have it deliver the money in payment for stock in the Maritime Light & Power Company; and (3) whether plaintiff did not ratify the payment of his money by the defendant for the Maritime Light & Power Company stock. Upon each of these propositions the jury found in favor of the plaintiff.

We are of opinion that the verdict is against the weight of evidence upon each of these three questions of fact. It is even doubtful whether the evidence required that the case should be submitted to the jury at all. The record, however, while showing that a motion for the dismissal of the complaint was made at the close of the plaintiff's case, does not show that any ground for the motion was specified; and the same is true with respect to the motion for a direction of a verdict at the close of the evidence, which the record shows was on the "same grounds" as the motion for a nonsuit, and on the further ground that the defendant was acting solely as the agent of Dove, from whom the plaintiff purchased the stock. It is not entirely clear, therefore, that the record, technically speaking, presents for decision the question as to whether the case should have been submitted to the

jury; but the merits of the case are involved in a consideration of the questions presented for review.

The plaintiff was formerly a resident of St. Johns, Newfoundland, but for a period of 10 or 11 years prior to the date of the transactions in question he had resided in the city of New York. He, however, knew Mr. Crowdy, who was the manager of the defendant's branch banking office at St. Johns; but he never had any money on deposit with the defendant there, and never had any business dealings with it until he wrote Mr. Crowdy, as such manager, from London, England, under date of August 28, 1906, as follows:

"In reference to the certificate of stock which you hold, made out in my name and on which there is the sum of $1,250 yet to be paid, I wish to say I have written to-day to my brokers in Philadelphia to send you at once a draft for said account. Will you kindly send the certificate to Messrs. De Haven & Townsend, Drexel Building, Chestnut St., Philadelphia, on receipt of the money.

"Hoping you are well, and with best wishes, I am

"Yours truly,　　　　　　　　　　　　　[Signed]　A. E. Foran.

"P. S.—If you should wish to communicate with me, address Bristol Hotel, Vienna, Austria, for about six months.　　　　[Signed]　A. E. F."

It will be observed that the plaintiff here did not give the bank the name of the company, but left it to act on the assumption that others were representing him, and that it was at liberty to deliver to him any stock that it then held made out in the plaintiff's name. Defendant never held any Intensified stock, and at this time it held no stock made out in the plaintiff's name; but it held a certificate for 15 shares of the capital stock of the Maritime Light & Power Company, Limited, in the name of C. F. Taylor, which it was advised by the company was to be exchanged for a certificate in the plaintiff's name.

On the 27th of March, 1906, an account was opened with the defendant at St. Johns in the name of Arthur J. Dove, General Manager Maritime Light & Power Company, Limited, and it was closed December 18, 1906. On the 24th of April, 1906, Dove, as manager of said company, forwarded to defendant by mail certain certificates of stock in said company, with a statement of the amount due on subscriptions thereon, to collect the balance due on subscriptions therefor, and among other certificates, Nos. 23 and 24, for which C. F. Taylor had subscribed, and on which there was due the sum of $1,500. Taylor had previously paid $500 on this stock through defendant. In due course of mail from Toronto, after May 8th, defendant received certificates 25 and 27, for seven and eight shares, respectively, of this company's stock in the name of said Taylor, inclosed with a letter from a firm of lawyers who were the solicitors for the company, requesting that Taylor be notified to call and pay $1,500 and get the stock, and saying that they understood that Taylor was to transfer the stock to "M. Foran." May 10, 1906, Dove, as such manager, wrote defendant, saying that a block of $1,500 stock, made out in the name of Augustus E. Foran, would be forwarded to it, to be delivered to Taylor on payment as per request of plaintiff to Dove; and Dove wrote to defendant another letter the next day, saying his former letter referred to the 15 shares of stock sent by the solicitors. On the

26th of June, 1906, defendant, by direction of Taylor, paid $500 to Dove as money on account of the stock, and charged the same to Taylor's account in said bank. On the 14th of August, Dove wrote to defendant, saying that two certificates, one for 10 shares in Taylor's name and one for 15 in the name of A. E. Foran, would be forwarded, and on receipt thereof he directed that the 40 shares in Taylor's name be returned, and that Taylor be notified. Defendant received the 15 shares in Foran's name, with a letter from the solicitors, under date of September 20, 1906, together with the certificate for 10 shares in Taylor's name, with instructions to deliver them to Taylor on payment of $1,000. Meantime defendant, at the request of Dove, had been endeavoring to collect the balance owing on this stock from Taylor, who represented from time to time that he was expecting a remittance from plaintiff. Mr. Crowdy, as such manager, received a letter under date of September 10, 1906, and inclosure from the firm of De Haven & Townsend, of Philadelphia, who were brokers and bankers and authorized to represent plaintiff in the premises, as follows:

"As directed by Mr. A. E. Foran, we inclose herewith draft for $1,250 on De Haven & Townsend, New York, in payment of 15 shares Intensified Light & Super Soda Co. stock. We are advised by Mr. Foran that the certificates are in his name. Will you kindly forward them to us at your convenience? He also states that he has written to you in the matter."

To this letter Mr. Crowdy, as manager, replied, under date of September 18, 1906, as follows:

"We have received your favor of 10th inst., with inclosure as stated. At present we are not in possession of certificate for 15 shares in the Maritime Light & Power Co. Ltd., in the name of Mr. A. E. Foran, but hold one for that number in the name of Mr. C. F. Taylor, which, the company advises us, is to be changed for one in Mr. Foran's name. We shall retain the money until we receive the certificate, which will be forwarded to you immediately on receipt."

On the 24th of September, 1906, Mr. Crowdy inclosed a certificate for 15 shares of the capital stock of the Maritime Light & Power Company, with a letter to De Haven & Townsend, which has not been produced, but which he says designated the stock as the Maritime stock; and under date of October 1, 1906, De Haven & Townsend acknowledged receipt of this letter and inclosure as follows:

"Your favor of the 24th ult. received, inclosing certificate 15 shares Maritime Light & Power Co. Ltd., in name of A. E. Foran, for which please accept our thanks."

No claim was made that the defendant misapplied the money until more than a year thereafter, when both companies had failed, owing to the invalidity of certain patents, and then plaintiff did not afford defendant an opportunity to remedy the alleged mistake, but insisted on the return of his money, and cancelled any agency to receive Intensified stock for him. What information, if any, the plaintiff received from his brokers and bankers concerning the transaction does not appear; but in the month of October, 1907, the day after he returned from Europe, the certificate of stock, together with a letter

from Mr. Crowdy, with which it was inclosed to the brokers, was delivered to him, and thereafter, at a time not definitely specified, but probably the same month, he had an interview with Mr. Crowdy, in which he claims to have complained of the action of the bank in paying out his money for Maritime Light & Power Company stock, and in which he tendered back the certificate and demanded the return of his money. Mr. Crowdy says that, after complaining, plaintiff expressed himself as satisfied with the action of the bank. Thereafter, on the 16th of December, 1907, plaintiff wrote a letter to the defendant at Montreal, and to Mr. Crowdy, complaining of the transaction and demanding a return of his money, and on the 30th day of the same month he inclosed the certificate with a letter to Mr. Crowdy. On the 8th day of January, 1908, Mr. Crowdy inclosed the certificate to the plaintiff, with a letter in reply to his letters of the 16th and 30th of December, 1907, denying any responsibility, and drawing attention to an agreement made between plaintiff, Dove, and Taylor in New York.

The plaintiff claims that he was not aware, until some time after he received the stock from the brokers, that it was not the stock he intended to purchase; but his testimony on that subject is impeached by a letter which he wrote to Dove from Lucerne on the 16th day of June, 1907, in which he expressly refers to the stock purchased by him for $1,500 as stock of "the Maritime Lt. & Power Co.," and by the fact that Dove at his request forwarded to him by mail circulars with respect to the machines manufactured by the company, with photographs and a prospectus of the company, none of which did he produce upon the trial, and that all of the correspondence he received from Dove was on letterheads of the Maritime Company. Moreover, it appears that he knew intimately both Dove and Taylor; that the only information he had about either of these companies was that derived from Dove and Taylor; that Taylor informed him at the Waldorf Hotel in New York, in the latter part of April, that he had purchased 25 shares of stock in a splendid Canadian company with which Dove was connected; that he himself drew this to Dove's attention when they met at the same place the same evening, and manifested an interest in it, and expressed a desire to purchase stock to the extent of $1,500, and it was arranged between him and Taylor and Dove that if, on Dove's return to Canada, there were not 15 shares of stock available for sale to him, he was to have 15 of the 25 shares of stock purchased by Taylor, and that he was to deliver to Taylor, who was a merchant at St. Johns, $250 to apply on the stock, and by subsequent correspondence Dove was given to understand that Taylor would represent him, and take the stock up for him when it was received.

The plaintiff testified that the stock which he agreed to purchase was stock in the Intensified Light & Super Soda Company, which was a parent company, with several subsidiary companies. He is flatly contradicted by the testimony of Dove and by the significant and persuasive facts that the stock which Taylor purchased was stock in the Maritime Light & Power Company, and that the only stock Dove

was selling was stock in that company, and that he was neither interested in nor connected with the other company. It is evident that the plaintiff did not know one company from the other, excepting as he was informed by Taylor and Dove, and at the time the stock was received by his brokers he would have accepted the stock in one company as readily as the stock in the other, for the inducing causes of his purchasing the stock were the facts that Taylor had confidence in it and was purchasing some of it, and that their mutual friend Dove was connected with it. Taylor attempts to corroborate plaintiff by testifying that the stock he had agreed to purchase, and which plaintiff agreed to purchase, was stock in the Intensified Company; but he accepted and retained, with full knowledge and without protest, the Maritime stock, and thus his testimony that he and plaintiff purchased the other stock is entitled to but little weight. It is also a reasonable inference that plaintiff's brokers informed him when they received the stock, and it is probable that in communicating with him with respect to it they specified the Maritime Light & Power Company' stock, as they did in their letter to Mr. Crowdy acknowledging its receipt.

Counsel for plaintiff seems to contend that the testimony' of certain witnesses taken by deposition in Canada is not entitled to the same weight as if given here, and his theory appears to be that they could not be prosecuted for perjury. Of course, witnesses who testify by deposition abroad cannot be prosecuted for perjury here; but it must be assumed that other countries with whom we have treaty relations, and between which and our country the comity of taking evidence in one country for use in the other exists, will make such a comity effective by declaring, as do we, that false testimony given by deposition to be used abroad is perjury, as if for use at home. People v. Martin, 77 App. Div. 396, 79 N. Y. Supp. 340, affirmed 175 N. Y. 315, 67 N. E. 589, 96 Am. St. Rep. 628.

As already observed, the finding that there was any mistake made with respect to the stock which the plaintiff intended to purchase is clearly against the weight of evidence. There is no ground for suspecting that the defendant acted otherwise than in perfect good faith in this transaction. If, therefore, the plaintiff did intend to purchase Intensified Light & Super Soda Company stock, the defendant is not at fault. His first letter left it free to accept for him any stock which it held in his name, and by the information which it had evidently received from the company at the instance of Dove it would reasonably and naturally infer that the stock which it then held which was intended for him, although not then made out in his name, was the stock to which he referred. Having thus been lulled into security through the plaintiff's failure to be more specific in his letter, it was not on its guard when it received the letter from his brokers referring to Intensified Light & Super Soda Company stock. It acted on the assumption, and I think this was warranted by the facts, that the brokers' letter referred to the same stock which it then held, which was intended for the plaintiff, although not made out in his name, and it was a reasonable assumption that, if this were not so,

the brokers would advise it, in answer to the letter in which it informed them, that it held Maritime Light & Power Company stock, which was to be transferred to the name of the plaintiff; and when shortly thereafter it forwarded the stock to them, the undisputed evidence showed, and it was stipulated, that the defendant was acting as the agent of Dove in delivering the stock and in collecting the purchase price thereof.

Although the defendant had no express contractual relations with the plaintiff, it doubtless owed him the duty, when it accepted the agency of receiving his money on deposit to be applied in payment for the stock, of exercising some care in parting with his money. Although it was not obliged to act in the premises at all, yet, having seen fit to accept the money on deposit for a particular purpose, even though gratuitously, it was, I think, called upon to exercise the ordinary care that would usually and customarily be exercised by bankers under like circumstances. We are of opinion, however, that upon this evidence the plaintiff utterly failed to show that the defendant did not fully perform this duty.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.