■ KNIGHT SECURITIES, L.P., Respondent, v FIDUCIARY TRUST COMPANY, Appellant, et al., Defendants. [774 NYS2d 488]—

Order, Supreme Court, New York County (Richard Lowe, III, J.), entered July 25, 2003, which denied the motion of appellant Fiduciary Trust Company International, sued herein as Fiduciary Trust Company (Fiduciary), to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3016 (b), unanimously modified, on the law, to dismiss the sixth cause of action as against Fiduciary and to dismiss the ninth cause of action, and otherwise affirmed, without costs.

Relying primarily on summary judgment cases, Fiduciary contends that plaintiff's fraud, aiding and abetting fraud, negligent misrepresentation and promissory estoppel claims should have been dismissed for lack of reasonable reliance. However, on a motion to dismiss for failure to state a cause of action, "a plaintiff . . . need only plead that he relied on misrepresentations made by the defendant . . . since the reasonableness of his reliance [generally] implicates factual issues whose resolution would be inappropriate at this early stage" (*Internet Law Lib., Inc. v Southridge Capital Mgt., LLC*, 223 F Supp 2d 474, 485 [2002]; *see also Duke v Touche Ross & Co.*, 765 F Supp 69, 74 [1991]). While an exception might be appropriate if this case were premised on representations explicitly contradicted by a written agreement (*see Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]), it is not so premised.

The IAS court properly denied Fiduciary's motion to dismiss the fraud and aiding and abetting fraud claims under CPLR 3016 (b). That statute "merely requires that a claim of fraud be pleaded in sufficient detail to give adequate notice" (*Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 97 [2003]). Since Fidu-

ciary reclaimed the 350,000 Kmart shares pursuant to National Association of Securities Dealers (NASD) Procedural Rules § 11720 (a) and presumably completed a uniform reclamation form in accordance with NASD Procedural Rules § 11710 (b) (1), it obviously knows what it represented at the time of the reclamation, and it cannot be prejudiced by the complaint's lack of specificity in that regard.

The fraud causes of action also sufficiently allege scienter. Plaintiff's allegations to the effect that the parties had engaged in numerous transactions similar to the Kmart trade without incident furnish a "rational basis for inferring that the alleged misrepresentation [i.e., that the Kmart shares presented for reclamation had been mistakenly delivered] was knowingly made" (*Houbigant*, 303 AD2d at 98).

With respect to the aiding and abetting claim, it is premature in the present procedural context to decide whether Fiduciary "innocently" made false representations on behalf of its principal, Mission Beach Investments (*cf. Harriss v Tams*, 258 NY 229, 243 [1932]).

Although appellant maintains that plaintiff's negligent misrepresentation claim should be dismissed since there was no special relationship between the parties, whether there was a special relationship between the parties at bar is a factual issue inappropriate for summary adjudication (*see Kimmell v Schaefer*, 89 NY2d 257, 264 [1996]; *AFA Protective Sys. v American Tel. & Tel. Co.*, 57 NY2d 912, 914 [1982]).

Fiduciary's contention that it owed no duty of care to plaintiff is unavailing (*see e.g. Foran v Royal Bank of Canada*, 141 App Div 548, 555 [1910]; *Clinton Natl. Bank v National Park Bank*, 37 App Div 601, 606-607 [1899], *affd* 165 NY 629 [1901]; Restatement [Second] of Torts § 299A). Nor do we find persuasive Fiduciary's contention that by reason of its alleged compliance with NASD Procedural Rules § 11720 it is immunized from plaintiff's claim that it breached a duty of care (*see e.g. First Interregional Equity Corp. v Haughton*, 842 F Supp 105, 111 [1994]).

However, the IAS court should have dismissed the sixth cause of action (promissory estoppel) as against Fiduciary. That Fiduciary accepted the Kmart shares for Mission Beach's account and transmitted $2,123,415 to plaintiff's account at Broadcort hardly amounted to a clear and unambiguous promise that Mission Beach intended to abide by its agreement to purchase the Kmart shares (*see Baii Banking Corp. v Atlantic Richfield Co.*, 1987 WL 14124, *3, 1987 US Dist LEXIS 8397, *8-10 [SD NY, Sept. 17, 1987]; *Ripple's of Clearview v Le Havre Assoc.*, 88

AD2d 120, 122 [1982], *lv denied* 57 NY2d 609 [1982]). Moreover, it would be neither reasonable nor foreseeable for plaintiff to rely on such a promise (*see id.*) since Fiduciary did not control Mission Beach. Finally, the complaint fails to allege that plaintiff was injured "by reason of" its reliance on Fiduciary's promise (*see id.*). By the time Fiduciary made its "promise," plaintiff had already purchased and delivered the shares. The complaint does not allege what plaintiff did *after* December 17, 2001 in reliance on Fiduciary's purported promise. Although there were transactions between plaintiff and Mission Beach on December 14, 2001 and January 3, 2002, they are not "unequivocally referable" to Fiduciary's alleged promise (*id.* at 123).

The ninth cause of action, for conversion, should have been dismissed as well. The complaint does not allege that Fiduciary refused plaintiff's demand to return the Kmart shares; on the contrary, Fiduciary returned them to plaintiff's agent Broadcort on May 23, 2002 (*see* 23 NY Jur 2d, Conversion §§ 1, 30, 45; *cf. Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 125 [1990], *lv denied* 77 NY2d 803 [1991]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Ellerin, J.P., Williams, Lerner and Marlow, JJ.