PF2 Sec. Evaluations, Inc. v Fillebeen (2019 NY Slip Op 02838)





PF2 Sec. Evaluations, Inc. v Fillebeen


2019 NY Slip Op 02838


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


151776/14 -9010 9009 9008

[*1]PF2 Securities Evaluations, Inc., Plaintiff-Appellant,
v
Guillaume Fillebeen, et al., Defendants-Respondents.
Guillaume Fillebeen, et al., Counterclaim Plaintiffs-Respondents,
v
PF2 Securities Evaluations, Inc., et al., Counterclaim Defendants-Appellants.


Carmel, Milazzo & Dichiara LLP, New York (Christopher P. Milazzo of counsel), for appellants.
Law Office of Robert Steckman, P.C., New York (Robert M. Steckman of counsel), for respondents.



Orders, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about March 26, 2018, which, insofar as appealed from, denied counterclaim defendants' motions to dismiss the counterclaim asserted against PF2 Securities Evaluations, Inc. for breach of contract, the counterclaim asserted against the individual counterclaim defendants (Gene Phillips and Robin Phillips) for breach of fiduciary duty, and the counterclaims asserted against all counterclaim defendants for unjust enrichment and fraudulent inducement, unanimously affirmed, with costs.
The counterclaim for breach of contract pleads the requisite terms of the agreement, consideration, performance by defendants, basis of the alleged breach of the agreement by PF2 (see Furia v Furia, 116 AD2d 694, 695 [2d Dept 1986]), and resulting damages (see Noise in the Attic Prods., Inc. v London Records, 10 AD3d 303, 307 [1st Dept 2004]). It alleges that defendant Guillaume Fillebeen, a minority shareholder in PF2, agreed to sell his shares for an amount significantly less than their agreed upon or actual fair market value and to stay on for a time on a consulting basis (as a result of misrepresentations made to him about the company's financial state by Gene and Robin, who are brothers and the controlling shareholders), that "Fillebeen timely and properly performed all conditions on his part to be performed pursuant to his obligations to [PF2]," and that counterclaim defendants "breached various terms of the Agreement, including, but not limited to its payment obligations to Fillebeen."
The counterclaim for unjust enrichment pleads, in the alternative, counterclaim defendants' enrichment at Fillebeen's expense and the inequity of permitting them to retain what Fillebeen seeks to recover (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]; Sergeants Benevolent Assn. Annuity Fund v Renck, 19 AD3d 107, 111 [1st Dept 2005]). It alleges that counterclaim defendants underpaid Fillebeen for his PF2 shares and also failed to compensate him for their appropriation of the computer models that he had developed for projecting return on investment products such as collateralized debt obligations (CDOs). The claim is pleaded with the requisite specificity (see CPLR 3013; Flamingo Telefilm Sales v United Artists Corp., 22 AD2d 778 [1st Dept 1964]).
The counterclaim for breach of fiduciary duty states a cause of action by alleging that, as [*2]controlling shareholders of PF2, a closely held corporation, Gene and Robin stood in a fiduciary relationship to Fillebeen, a minority shareholder (see Gjuraj v Uplift El. Corp., 110 AD3d 540, 541 [1st Dept 2013]), and that Gene and Robin, who controlled the company's finances, abused their position by falsely representing the company's financial state in order to induce Fillebeen to part with his shares at a price below fair value. The claim is pleaded with the requisite particularity (see CPLR 3016[b]; Burry v Madison Park Owner LLC, 84 AD3d 699 [1st Dept 2011]).
In support of their counterclaim for fraudulent inducement, defendants allege, in sum, that Gene and Robin falsely told Fillebeen that PF2's finances were in a "dire state," that its profits were not sufficient to continue in the CDO modeling business in which Fillebeen's expertise resided, and that they wanted to change PF2's business focus to litigation consulting, an area outside of Fillebeen's expertise but in line with Robin's expertise as an attorney, and that Gene and Robin made these representations to induce Fillebeen to sell his PF2 shares, for less than fair market value, for the purpose of cutting him out of future profits distributions. These allegations plead the misrepresentation and scienter elements of the claim (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Given the allegations that PF2 was a closely held corporation in which Gene and Robin had control of finances, while Fillebeen handled technical issues and lacked insight into the company's finances, the claim adequately pleads justifiable reliance (see generally Knight Sec. v Fiduciary Trust Co., 5 AD3d 172, 173 [1st Dept 2004]). The claim is pleaded with the requisite particularity (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]). Defendants are not required to plead their damages with particularity (see A.S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 383 [1957]; Kensington Publ. Corp. v Kable News Co., 100 AD2d 802 [1st Dept 1984]).
We have considered counterclaim defendants' remaining contentions, including the contention that certain of the alleged
misrepresentations underlying the fraud claim are nonactionable opinion, and find them unavailing.
We deny the parties' requests for sanctions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK